**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT PIKEVILLE**

**CIVIL ACTION NO. 04-232-DLB**

**KIM D. GALLIMORE**                                                                                          **PLAINTIFF**


vs.                              **MEMORANDUM OPINION & ORDER**


**JO ANNE B. BARNHART, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                                                        **DEFENDANT**

*******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, for the reasons set forth herein, finds that the decision of the Administrative Law Judge (ALJ) is not supported by substantial evidence and that this matter should therefore be REVERSED and REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

### I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Kim D. Gallimore filed an application for Supplemental Security Income (SSI) on February 19, 2002. Plaintiff, who was 44 years old at the time of the hearing, has a high school education and two years of college. She alleges a disability onset date of February 1, 1988, due to low back pathology, thyroid problems, migraine headaches, hypertension, and osteoarthritis. Her application was denied initially and on reconsideration. Plaintiff then requested a hearing before an administrative law judge, which hearing was held on March 4, 2003, in Prestonsburg, Kentucky. The ALJ ruled on June 26, 2003, that Plaintiff

was not under a disability and was not eligible for SSI payments. This decision was approved by the Appeals Council on May 4, 2004.

The instant action was filed on June 7, 2004. It has now culminated in cross motions for summary judgment.

## II. DISCUSSION

### A.   Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, or combination thereof, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v.*

*Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (Tr. 14).  At Steps 2 and 3, the ALJ found that Plaintiff's degenerative disc disease constituted a severe impairment. (Tr. 15)  The ALJ concluded, however, that Plaintiff's impairment does not meet or medically equal any listed impairment found in Appendix 1 to Subpart P of Regulations No. 4. (Tr. 18)

At Step 4, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a full range of medium work. (Tr. 16)  Specifically, the ALJ found that Plaintiff can lift or carry 50 pounds occasionally or up to 25 pounds frequently.  Plaintiff had no past relevant work for the ALJ to consider. (Tr. 17)

The ALJ therefore proceeded to the final step of the sequential evaluation.  At Step 5, given the ALJ's finding that Plaintiff can perform a full range of medium level work, he concluded that Medical-Vocational Rule 203.28, Appendix 2, Subpart P, Regulations No. 4 directs a finding of not disabled for an individual of Plaintiff's age, education, past relevant work experience, and RFC. (Tr. 17)

**C.    Analysis**

Plaintiff raises one challenge in her appeal.  She argues that the decision was not supported by substantial evidence because the ALJ did not properly evaluate her credibility by failing to address the observations made by SSA employee Karla Brown in her February 19, 2002, initial Disability Report. (Tr. 51-54) Plaintiff submits that Ms. Brown's observations help establish the credibility of Plaintiff's allegations regarding her limitations.

On page three of the Disability Report, Ms. Brown indicated that she observed the Plaintiff had difficulty "standing" and "walking " by marking "yes" for these items. (Tr. 53) The instructions for this section provide that "If the claimant had difficulty with the following, check the 'yes' block and explain in 'observations' ...." (*Id.*)  Accordingly, at the bottom of the page, in the space marked "observations," Ms. Brown explained her affirmative findings by noting that "Claimant was appropriately dressed but [the word 'but' was written in by hand below the typed word 'if,' which was crossed out] somewhat unkept.  Her hygiene was poor.  She stood and walked slowly." (*Id.*)

In considering Plaintiff's subjective complaints of pain and limitations, the ALJ correctly looked to 20 CFR § 416.929 and to SSR 96-7p for the applicable standards. (Tr. 16)  SSR 96-7p clarifies when the evaluation of symptoms requires a finding about the credibility of a claimant's statements.

> If an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms.  The adjudicator must then make a finding on the credibility of the individual's statements about symptoms and their functional effects.

SSR 96-7p, 1996 WL 374186, at *4.  Since Plaintiff's subjective complaints were not substantiated by the medical opinions of the two consultants (Tr. 110, 113), under SSR 96-7p the ALJ was therefore required to consider all of the evidence in the case record for purposes of assessing Plaintiff's credibility.

The Ruling explains that credibility is simply the extent to which a claimant's statements can be relied upon in determining whether the claimant is disabled.  "In basic terms, the credibility of an individual's statements about pain or other symptoms and their

functional effects is the degree to which the statements can be believed and accepted as true.  When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements."  SSR 96-7p, 1996 WL 374186 at *4.  Reviewing the entire case includes the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the record.  *Id.* at *1.

Ruling 96-7p requires the ALJ "consider any observations about the individual recorded by the Social Security Administration employees during interviews, whether in person or by telephone."  *Id.* at *8.  However, the failure to explicitly address these observations does not necessarily mean the ALJ did not consider them.  *Thacker v. Comm'r of Social Security*, 99 Fed. Appx. 661, 665 (6th Cir. 2004)("SSR 96-7p only requires that the ALJ consider other employees' observations of her. The ALJ's failure to discuss those observations does not indicate that they were not considered.  An ALJ need not discuss every piece of evidence in the record for his decision to stand.").[1]

Although *Thacker* does not require the ALJ expressly discuss employee observations before a district court can conclude that credibility was properly and

---

[1] Given that *Thacker* is a circuit decision not selected for publication in the Federal Reporter, Plaintiff asks this Court to ignore it and instead find *Brown v. Barnhardt,* 2002 WL 603044 (E.D.N.Y. Apr. 15) persuasive on this issue.  *Brown* held, *inter alia,* that the ALJ erred in failing to note physical limitation observations of an SSA interviewer.  *Brown* is a district court decision, not designated for publication in the Federal Supplement, from a trial court outside this circuit.  It is unpersuasive given the *Thacker* decision. While not having precedential weight, consideration of *Thacker's* analysis of this issue is fitting. *United States v. Webber,* 208 F.3d 545, 551 n.3 (6th Cir. 2000)("We recognize that our unpublished opinions carry no precedential weight; they often do, however, carry persuasive weight.").

5

adequately analyzed, that the ALJ actually considered this information in this case and simply did not explicitly note it is doubtful.  SSR 96-7p dictates that

> [t]he determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

1996 WL 374186, at *2.  The ALJ's decision fails in this regard because the reasons given are not specific, nor are they supported by the evidence in the case record.

> The ALJ found that Plaintiff had an RFC
>
> to perform at least medium level work.  In setting this [RFC], I cannot find such to be further reduced based on the claimant's demeanor as a witness. The undersigned finds the claimant exaggerated the scope of her limitations and I find her credibility to be no more than fair (Exhibits 3F, 5F & 7F).  There are few treatment notes and the consultative examination showed marked symptoms exaggeration (Exhibits 3F and 7F).

(Tr. 16) This was the ALJ's reasoning for his credibility conclusion and his consequent conclusion of the appropriate range for Plaintiff's RFC.  The only exhibits cited to by the ALJ are those of Dr. Stephen Nutter for his consultative examination (Ex. 3F, Tr. 86-93), and the two agency medical consultation reviewers – Dr. Gary Higgason (Ex. 5F, Tr. 110-11) and Dr. David Swan (Ex. 7F, Tr. 113).  The ALJ notes only that "[t]here are few treatment notes."  However, the decision contains no notation nor any discussion of the Plaintiff's treatment for her back by Dr. Thomas Smith (Tr. 94-109).  The ALJ remarks that Plaintiff testified at the hearing that she has severe back pain, but has not seen a doctor or been treated for her back condition since December, 2001. (Tr. 16) The Court's review of the March 4, 2003, hearing transcript (tr. 124-52) fails to reveal any testimony by Plaintiff that the most recent medical attention to her back was in December, 2001.  In fact, Dr.

6

Smith's office notes provided in June of 2002 reflect an office visit of April 29, 2002 (tr. 95), and the record contains a June 10, 2002 letter/report from neurosurgeon Dr. James Bean to Dr. Smith reporting on his examination of Plaintiff for her back. (Tr. 112)

The ALJ noted in his decision that as for physical abilities, Plaintiff testified she was able to lift a gallon of milk, walk approximately one block, and sit for one hour. (Tr. 16) Her hearing testimony, though, was more along the lines of being able to sit for one hour before needing to change positions, rather than being the maximum she believes she could sit per day. (Tr. 81) Indeed, as the ALJ noted, she testified that she sits and uses her home computer a few hours each day. (Tr. 16)

The ALJ's credibility assessment relies upon agency physicians Drs. Higgason and Swan, and consultative examiner Dr. Nutter as concluding Plaintiff's symptoms are exaggerated.  However, the April 2, 2002, report of Dr. Nutter, a general surgeon (tr. 116), nowhere states he found Plaintiff to be exaggerating her symptoms upon his physical examination (tr. 86-91), contrary to the ALJ's statement that "the consultative examination showed marked symptoms exaggeration" (tr. 16).  Following this examination report, Dr. Higgason, a family practitioner (tr. 117), was asked to do a record consult.  His May 6, 2002, one-page report also does not state Plaintiff exaggerates her symptoms.  Rather, he opines that her allegations are not credible and her physical complaints related to her back are less than severe, primarily because the plain x-ray films taken in conjunction with Dr. Nutter's exam were read as normal (tr. 92), and therefore Dr. Higgason concludes Dr. Nutter's exam notations of back pain and squatting limitation are unsupported. (Tr. 110)

Lacking in Dr. Higgason's report is any mention or consideration of Dr. Smith's treatment notes or, more particularly, a lumbar spine MRI report of December 12, 2001. (Tr.

7

81) And the only reference by the ALJ to this MRI report is his apparent notation that this MRI scan of December, 2001 reflects her most recent treatment, erroneously concluding there has been a gap in treatment which belies her back pain being as severe as she proclaims. (Tr. 16) In discussing the MRI report, the ALJ notes only that it showed "mild degenerative disc disease with small disc protrusion." (*Id.*)  This reflects only one portion of the report, pertaining to the L3-L4 level. (Tr. 81) The report also notes degenerative disc disease at the L4-L5 level, with a small to medium disc herniation that is causing moderate compression on the right L5 nerve root; canal stenosis at L4-L5; and degenerative disc disease with bulging disc and canal stenosis at the L5-S1 level. (*Id.*)

A record consultation was then requested and performed by Dr. David Swan, a gynecologist (tr. 114), in July of 2002.  This second review was apparently requested due to the record submission of the June 10, 2002, examination report of neurosurgeon Dr. James Bean to Plaintiff's treating physician (tr. 112), which report was never noted nor discussed by the ALJ in his written decision.  It is this short, handwritten assessment by Dr. Swan upon which the ALJ placed significant weight.  It is this note which first remarks that Plaintiff's exam by Dr. Nutter shows "marked symptom exaggeration." (Tr. 113) Thus, it was not Dr. Nutter nor Dr. Higgason who remarked exaggerated symptoms, but Dr. Swan.  Though portions of Dr. Swan's note are illegible, he states the file now contains an MRI report, but his characterization of the report findings is unclear.  He then concludes by stating "in view of her physical exaggerations it is impossible to determine [illegible] her capacity for work – for that reason the prior determination of LTS ["less than severe" by Dr. Higgason] is confirmed." (Tr. 113)

Despite the fact these physicians did not examine Plaintiff, their areas of medical specialty were not orthopedics or neurology, and there were omissions in their notation and discussion of treating medical evidence of record, the ALJ relied exclusively upon this evidence for purposes of assessing Plaintiff's credibility.  The ALJ did not identify the treating medical evidence related to Plaintiff's back, nor compare Plaintiff's symptoms and claimed limitations with that evidence as part of her credibility assessment.

In addition, a residual functional assessment dated August 9, 2002, is noted by the ALJ as being supplied by "an unknown medical source." (Tr. 16) This notation is incorrect, since the report appears to have been signed by Dr. Thomas Smith, Plaintiff's treating physician. (Tr. 123)  More importantly, when the report was offered at the hearing, Plaintiff and her counsel explained that it had been completed by Dr. Smith. (Tr. 148-49) The ALJ notes Plaintiff would be unable to perform work at any level based on the limitations of this report. (Tr. 16) The report likely requires clarification, since in one area it notes Plaintiff can stand or walk up to two hours per day and sit for up to six to eight hours per day (tr. 119), while in another area it notes she can stand or walk less than two hours per day and sit a maximum of less than two hours per day (tr. 121).  The ALJ rejected this report from the "unknown medical source" for lack of supporting clinical data (tr. 16), even though the ALJ's decision had not addressed the clinical data from Dr. Smith's treatment notes (tr. 94-109) or the MRI studies (tr. 81, 112)

Given the above, the Court finds that the ALJ's credibility assessment, as explained by the ALJ in his decision, fails to convey that it is supported by substantial evidence.  The ALJ's explanation of his credibility assessment does not comport with the requirements of 20 CFR § 416.929 and SSR 96-7p.  Given the ALJ's limited discussion of credibility, and

his focus upon the agency non-examining physicians, the Court is not convinced the ALJ reviewed the entire record as required, which would have included consideration of the SSA employee Disability Report comments.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the Commissioner's Motion for Summary Judgment (Doc. #13) is hereby **DENIED;** that the Plaintiff's Motion and Supplemental Motion for Summary Judgment (Docs. #9 & #12) are hereby **GRANTED;** that the decision of the Commissioner is found not to be supported by substantial evidence and is hereby **REVERSED;** and that this matter is hereby **REMANDED** for further consideration consistent with this Opinion.

A separate Judgment is entered contemporaneously herewith.

Dated this 22nd day of June, 2005.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-232-GallimoreMOO.wpd